UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DISTRICT

GEORGE D. METZ II

   Plaintiff,

vs.

J. DODSON, et al.,

   Defendants.

Civil Case No. 1:22-CV=303=ECM-SMD

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION**

George D Metz II Pro Se
4980 se 140th st
Summerfield FL 34491
Email: patriotdiscussions@gmail.com

Pursuant to 28 U.S.C. 636(b)(1) and Federal Rule Of Civil Procedure 72(b)(2), Plantiff George Metz replies to defendants objections to the recommendation of the Magistrate Judge.

## OBJECTIONS

Defendants assert that there is no clear case law on being detained without reasonable suspicion, however i believe there is plenty including but not limited to Terry v Ohio.

We can see from the video and the defendants own mouth that he suspects us of photographing government buildings (my video 3:15) which is not illegal or suspicious that i know of.

The defendant had no reasonable suspicion to stop me, nor ask for my Identification.

Everything after that point was unlawful, at (7:40 in my video) the lady deputy reaffirms that the sheriff "detained me for filming on government property".

I have yet to be informed by the defense of what crime i was suspected of or any of the facts that lead the sheriff to reasonablely suspect i was involved in any criminal activity.

> It is clear that "an `inchoate and unparticularized suspicion' or `hunch' of criminal activity" is not enough to satisfy the minimum level of objectivity required. Wardlow, 528 U.S. at 124, 120 S.Ct. 673 (quoting Terry, 392 U.S. at 27, 88 S.Ct. 1868).

In these circumstances the precident is the very right itself, I need no case law to say that recording the actions of my public employees to bring to the bar of public opinion is my right. We know its our right because it is the very essence of the right to free press

1

It would trouble me deeply to think the sheriff, who took an oath to defend it, would claim that he thought recording the government gives him reasonable suspicion of a crime, and not claim to know that its one of the oldest most well established rights we possess.

> A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Reichle v. Howards, 566 U.S. ___, ___, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012) (internal quotation marks and alteration omitted).

Whats clearly defined here is that the sheriff, even after knowing that we were press still decided to detain us for "filming government buildings" which as explained is our right to do.

No reasonable person would imagine that you could detain someone for them exercising their constitutionally protected right to free press. I was being detained as the lady deputy admits that "the sheriff detained me for filming government buildings", which admits the violation was driven by me exercising my right to free press.

2

George D Metz II Pro Se
4980 S.E. 140th street
Summerfield FL 34491
352-446-8145
patriotdiscussions@gmail.com

## CERTIFICATE OF SERVICE

I hearby certify that on this the 17th day of March 2023, I have overnighted copies of this response

to the Clerk of the Court and to the following:


Capell & Howard, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
334-241-8043 Tele
334-241-8243 Fax
Email: rick.hill@chlaw.com
       ashley.freeman@chlaw.com

/s/ George D. Metz II
Pro Se

**FROM:**

George Metz
4980 SE 140th St
Summerfield FL
34491



**US POSTAGE PAID** $5.00
Origin: 34491
03/17/23
1187750924-03

FIRST-CLASS PKG SVC - RTL™

0 Lb 3.00 Oz
RDC 06

C039

SHIP TO:
1 CHURCH ST
MONTGOMERY AL 36104-4018



USPS TRACKING® #



9500 1102 8984 3076 7271 62

**TO:**

Clerk of courts
one church st
montgomery AL
36104

