IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE METZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-cv-303-ECM |
| | ) (wo) |
| J. DODSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the Recommendation of the Magistrate Judge (doc. 22), regarding a motion to dismiss (doc. 10), and on Defendant Donald Valenza's objection thereto (doc. 23).

Following an independent evaluation and *de novo* review of the file in this case, the Court finds that the objection is without merit and due to be overruled and that the motion to dismiss is due to be denied.

Plaintiff George D. Metz, II ("Metz") filed a *pro se* complaint asserting claims against J. Dodson ("Dodson") and Donald Valenza ("Valenza") in their individual capacities. Metz brings claims pursuant to 42 U.S.C. §1983 for illegal seizure against Valenza, for unlawful search against Dodson, and for First Amendment retaliation against both Defendants. Dodson was never served with the complaint. Valenza invokes federal qualified immunity.

In the Recommendation, the Magistrate Judge recommended that Metz's claims against Dodson be dismissed without prejudice for failure to serve pursuant to FED. R. CIV.

P. 4(m).  The Magistrate Judge, considering the allegations of the complaint and the incorporated video footage, also concluded that Valenza was not entitled to qualified immunity on either the Fourth or First Amendment claim.

Valenza has objected, arguing that the Recommendation did not identify existing controlling precedent that would have alerted every reasonable officer that the Fourth Amendment prohibited Valenza's conduct, undermining both the Fourth Amendment and the related First Amendment claim.  Valenza's primary argument in objecting to the Recommendation is that the Eleventh Circuit's adoption of a "total-absence-of-caselaw method" to deny qualified immunity is inconsistent with Supreme Court precedent. (Doc. 23 at 6-9).  The Eleventh Circuit's decisions, however, are binding on this Court, and, therefore, this Court must deny a motion to dismiss on qualified immunity grounds if a plaintiff shows that "the conduct at issue so obviously violated the Constitution that prior case law is unnecessary." *J.W. ex rel. Williams v. Birmingham Bd. of Educ.*, 904 F.3d 1248, 1259-60 (11th Cir. 2018).  This method "the 'obvious clarity' scenario, is a 'narrow exception' to the 'normal rule that only case law and specific factual scenarios can clearly establish a violation.'" *Id.*

The Eleventh Circuit Court of Appeals has held that there is a "First Amendment right, subject to reasonable time, manner and place restrictions, to photograph or videotape police conduct" and "to gather information about what public officials do on public property, and specifically, a right to record matters of public interest."  *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000).  This Court notes that the Eleventh Circuit has distinguished *Cumming* where there were facts that undermined the application of the

2

First Amendment because the plaintiff was photographing from an unlawful vantage point. *See Crocker v. Beatty*, 995 F.3d 1232, 1241 (11th Cir. 2021). Here, however, Metz alleges, and the video substantiates, that he was videoing the back of a police building from a public sidewalk.

In his Objection, Valenza concedes that Metz's conduct as alleged in this case, "[i]n a vacuum . . . is not suspicious," but then argues that for both the Fourth and First Amendment claims, the conduct has to be considered within the context of an "outbreak" of violent protests, some of which targeted law enforcement buildings, and Metz's actions in recording at a different public building earlier in the day. (Doc. 23 at 5). That context, however, is not alleged in the complaint. The complaint alleges, and the video confirms, that Valenza told Metz he was conducting an investigation. (Doc. 1 at 7). Valenza also referred to "events coming up" in the video, but did not refer to protests. Valenza did refer to Metz videoing at another building earlier, but the complaint and incorporated video do not elaborate on the information known to Valenza about Metz's actions earlier in the day. At the motion to dismiss stage, given the facts as alleged in the complaint and in the incorporated video, the Court agrees that a reasonable officer would know that he lacked reasonable suspicion to detain Metz and that doing so was a violation of Metz's Fourth and First Amendment rights.

Accordingly, it is hereby ORDERED as follows:

1. The Objection (doc. 23) is OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge (doc. 22).

3. The motion to dismiss (doc. 10) is DENIED.

4.  Defendant J. Dodson is DISMISSED without prejudice as a defendant in this case, pursuant to FED. R. CIV. P. 4(m).

Done this 24th day of March, 2023.

      /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE