IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE D. METZ, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-303-ECM-SMD |
| ) | |
| DONALD VALENZA, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Pro se Plaintiff George D. Metz, II ("Metz"), filed suit against Defendants Officer J. Dodson ("Officer Dodson") and Sheriff Donald Valenza ("Sheriff Valenza") in May 2022. Compl. (Doc. 1). Sheriff Valenza later moved to dismiss Metz's Complaint arguing, *inter alia*, that he was entitled to qualified immunity. Mot. to Dismiss (Doc. 10); Def.'s Memo. of Law (Doc. 11). The undersigned entered a recommendation that Sheriff Valenza's motion be denied because he was not entitled to qualified immunity at the motion to dismiss stage. Rec. (Doc. 22). Chief United States District Judge Emily C. Marks adopted the recommendation and denied Sheriff Valenza's Motion to Dismiss on March 24, 2023.[1] Opinion & Order (Doc. 25).

Under Federal Rule of Civil Procedure 12(a)(4)(A), "if [a] court denies [a] motion [to dismiss] . . . the responsive pleading must be served within 14 days after notice of the

---

[1] Judge Marks also adopted the undersigned's recommendation that Sheriff Valenza's co-defendant, Officer Dodson, be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Opinion & Order (Doc. 25). Thus, Officer Dodson was dismissed from the case, leaving Sheriff Valenza as the only defendant.

court's action[.]" FED. R. CIV. P. 12(a)(4)(A). And under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

A default judgment can be entered in two ways: either by the Clerk or by the Court. For a clerk's entry, the plaintiff must show, via affidavit, that his claim is for a sum certain. FED. R. CIV. P. 55(b)(1). If plaintiff satisfies this requirement the Clerk must enter a default judgment against the defendant. *Id.* In all other cases, the party must apply to the Court for default judgment. FED. R. CIV. P. 55(b)(2).

There have been no filings in this matter since Judge Marks's March 24, 2023 Order adopting the undersigned's recommendation on Sheriff Valenza's motion to dismiss. Sheriff Valenza is currently in default because he did not respond to Metz's Complaint within the prescribed 14-day window following denial of his Motion to Dismiss. Accordingly, it is

ORDERED that, **on or before June 14, 2023**, the parties shall indicate their position on the procedural posture of the remaining claims.

DONE this 31st day of May, 2023.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE