IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE D. METZ, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-303-ECM-SMD |
| ) | |
| DONALD VALENZA, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff George D. Metz, II's ("Metz") Motion for Entry of Default Final Judgment (Doc. 28). Because Metz's request for default judgment does not comply with the Federal Rules of Civil Procedure, his Motion should be denied.

Metz sued Sheriff Donald Valenza ("Sheriff Valenza") in May 2022, alleging violations of his constitutional rights. Compl. (Doc. 1). Sheriff Valenza moved to dismiss Metz's complaint, arguing, *inter alia*, he was entitled to qualified immunity. Mot. to Dismiss (Doc. 10); Memo. of Law (Doc. 11). The undersigned recommended that Valenza's Motion be denied because he was not entitled to qualified immunity. Rec. (Doc. 22). Chief Judge Emily Marks adopted the recommendation and denied Sheriff Valenza's motion to dismiss. Opinion & Order (Doc. 25).

After the recommendation was adopted, Sheriff Valenza was required, under Federal Rule of Civil Procedure 12(a)(4)(A), to answer Metz's complaint within 14 days of Judge Marks's order. Sheriff Valenza did not file an answer by the 14-day deadline. The undersigned then entered an order requiring the parties to indicate their positions on the

posture of the remaining claims. Order (Doc. 26). Sheriff Valenza filed his answer soon after the Order was entered. Answer (Doc. 27). Thereafter, Metz filed his Motion for Entry of Final Default Judgment (Doc. 28), and Sheriff Valenza filed his response to the undersigned's Order.

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court is authorized to enter a clerk's default. FED. R. CIV. P. 55(a). Second, after entry of the Clerk's default, the party must then apply to the court for a default judgment. FED. R. CIV. P. 55(b). Thus, "the clerk's entry of default must precede an application" for default judgment. *Deforest v. Johnny Chisolm Glob. Events, LLC*, 2010 WL 1792094, at *7 (N.D. Fla. May 4, 2010); *see also Traveler Cas. & Surety Co. of Am. Inc. v. E. Beach Dev., LLC*, 2007 WL 4097440, at *1 (S.D. Ala. Nov. 14, 2007) ("The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

Here, Metz did not first request a clerk's entry of default before filing his motion for default judgment, in violation of Federal Rule of Civil Procedure 55. Accordingly, it is the

RECOMMENDATION of the undersigned magistrate judge that Metz's Motion for Entry of Default Final Judgment (Doc. 28) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 22, 2023.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of August, 2023.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE