RECEIVED
2023 OCT 10 A 11: 29
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| GEORGE D METZ II, | ) |
| Plaintiff, | ) CASE NO. 1:22-CV-303-ECM-SMD |
| | ) |
| v. | ) |
| | ) |
| DONALD VALENZA, | ) **MOTION FOR ENTRY** |
| | ) **OF DEFAULT FINAL JUDGMENT** |
| Defendant. | ) |
| | ) |

Comes now the Plantiff George D. Metz II by and though himself in a pro se capcity to move this court for an entry of default judgement against the defendant Donald Valenza in accordance with the provisions of rule 55 (b) (2), Federal Rules of Civil Procedure, and in support thereof shows the court the following.

1. Substantive Merits and Sufficiency of the Complaint.

This instant action was brought by the Plaintiff against the defendant for an unlawful detainment and first amendment retaliation. The whole incident was caught on camera leaving no fact in question. Its a well settled prinicipal of law that no detainment can occur without having a suspicion of criminal activity. The defendant himself admitted on camera that he was investigating a non crime of recording of public buildings. At no time did the defendant suspect the plantiff of any

criminal activity and was simply stopping us because he did not like the fact that we were recording.

2. Amount at Stake

Plantiff is seeking punitive compensation in the amount of $100,000 dollars. The reasons for this amount is based on what other cases of this nature have settled for and because of the authority defendant has as the top constitutional law enforcement officer of the county. If anyone should be knowledgeable about and protect the rights of citizens, it must be the defendant. Defendants actions show that he is either unaware of our constitutional protections or that he doesn't care. Either is unacceptable and needs to be punished, lest his employees feel they can get away with it.

3. Possibility of Prejudice

Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.

4. Possibility of Dispute

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion.

5. Possibility of Excusable Neglect

Defendant was properly served with summons and complaint. Given Defendant's early participation in the matter, the possibility of excusable neglect is remote.

6. Policy for Deciding on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, the mere existence of Fed.R.Civ.P. 55(b) indicates that "this preference, standing alone, is not

dispositive." Kloepping, 1996 WL 75314, at *3. Moreover, Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed.R.Civ.P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action. Thus, "the preference to decide cases on the merits does not preclude a court from granting default judgment." Kloepping, 1996 WL 75314, at *3. Accordingly, the court is not precluded from entering default judgment against Defendant.

C. Relief Sought

Plaintiffs' demand for relief must be specific, pursuant to Fed.R.Civ.P. 8(a)(3). As discussed above, and further below, Plaintiff demands punitive compensation to punish the violation of his civil rights. The relief sought is consistent with the relief requested in the Complaint.

This case is unique in the fact that every moment was captured on video, leaving no facts to be assumed by either side. Its also unique in the fact the defendant admitted on video to detaining me for a non crime of "recording public buildings". I realize the defendant would like nothing better then to waste more taxpayers money, and mine and the courts time trying to prove something that he can never prove, that he didn't violate my rights. I can only assume that defense either doesn't take this case or this court seriously and hence why they took 2 months and only after getting a default notice did they bother to enter their answer. With two seasoned lawyers there really can't be an excuse as to why they never replied, seeing as how they fought so hard for their motion to dismiss.

## PRAYER

WHEREFORE, plaintiff prays that this Court enter a judgment of default against defendant, and that defendant be order to pay punitive damages in the amount of $100,000 dollars for the violation of plantiffs civil rights.

## AFFIDAVIT

I, George Douglas Metz II do hereby certify that the statements and allegations set forth in the foregoing motion are true and accurate to the best of my knowledge and belief.

Respectfully submitted,

GEORGE D. METZ II

George D Metz II Pro se
4980 se 140th st
Summerfield FL 34491
352-446-8145
patriotdiscussions@gmail.com

Certificate of Service

I hereby certify that on this the 3rd day of October 2023, i have placed a copy of this motion for default judgement in the mail postage perpaid to the following.

Capell & Howard, P.C.
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2069
Attn Rick Hill

*[signature]*

George D. Metz II Pro Se
4980 se 140th st
summerfield FL 34991
352-446-8145
patriotdiscussions@gmail.com

George Metz
4980 SE 140th st
Summerfield FL 34491



JACKSONVILLE FL 320
3 OCT 2023 PM 2
FOREVER / USA

clerk of court
One church street
montgomery AL
36104

36104-401801