IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE D. METZ, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-303-ECM-SMD |
| | ) | |
| DONALD VALENZA, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant Houston County Sheriff Donald Valenza's ("Sheriff Valenza") Motion to Set Aside Entry of Default and File Out of Time Answer (Doc. 34) and pro se Plaintiff George Metz's ("Metz") motion for entry of default (Doc. 31). Because Sheriff Valenza has shown good cause to set aside the entry of default and excusable neglect for the late filing of his answer, his Motion (Doc. 34) should be granted, and Metz's Motion (Doc. 35) should be denied.

### I.     PROCEDURAL HISTORY

Pro se Plaintiff George Metz ("Metz") sued Sheriff Valenza in May 2022, alleging violations of his constitutional rights. Compl. (Doc. 1). Sheriff Valenza moved to dismiss Metz's complaint, arguing, *inter alia*, that he was entitled to qualified immunity. Mot. to Dismiss (Doc. 10); Memo. of Law (Doc. 11). The undersigned recommended that Sheriff Valenza's Motion be denied because he was not entitled to qualified immunity at the motion to dismiss stage. Rec. (Doc. 22). Chief United States District Judge Emily Marks

adopted the recommendation and denied Sheriff Valenza's motion to dismiss. Opinion & Order (Doc. 25).

Sheriff Valenza was required, under Federal Rule of Civil Procedure 12(a)(4)(A), to answer Metz's complaint within 14 days of Judge Marks's order. FED. R. CIV. P. 12(a)(4)(A) ("[I]f the court denies the motion [to dismiss] . . . , the responsive pleading must be served within 14 days after notice of the court's action."). After Sheriff Valenza did not file an answer within 14 days, the undersigned entered an order requiring the parties to indicate their positions on the posture of the remaining claims. Order (Doc. 26). Sheriff Valenza filed his answer one day after the Order was entered. Answer (Doc. 27). Metz then moved the Court to enter default judgment, *see* Mot. (Doc. 28), and Sheriff Valenza filed his response to the undersigned's Order, *see* Resp. (Doc. 29). The undersigned recommended that Metz's motion be denied because he did not request a clerk's entry of default before filing his motion for default judgment, in violation of Federal Rule of Civil Procedure 55. Rec. (Doc. 30). Chief Judge Marks adopted the recommendation and denied Metz's motion. Order (Doc. 32).

Metz then filed a Petition to Clerk for Entry of Default. Petition (Doc. 31). On September 22, 2023, the Clerk of Court entered default against Sheriff Valenza. Entry of Default (Doc. 33). Three days later, Sheriff Valenza filed the present motion seeking to set aside the Clerk's default and to file his answer out of time. Mot. (Doc. 34). Metz subsequently filed a Motion for Entry of Default Final Judgment. Mot. (Doc. 35).

## II.   ENTRY OF DEFAULT

### A.   Legal Standard

Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the clerk enters default, but before entry of default judgment, the court may exercise its discretion to "set aside an entry of default for good cause." FED. R. CIV. P. 55(c); *see also Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (holding that before default judgment is entered, the court has discretion to set aside default under Rule 55(c) rather than under the more stringent standard of Rule 60(b)); *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (explaining that "entry of a default judgment is committed to the discretion of the district court" and is reviewed only for "abuse of discretion").

As used in Rule 55(c), "'good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation marks and citation omitted). The Eleventh Circuit explains that "'good cause' is not susceptible to a precise formula, but some general guidelines are commonly applied," including "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* The Eleventh Circuit notes that "these factors are not 'talismanic.'" *Id.* Among other additional relevant factors, courts can also consider "whether the defaulting party acted quickly to correct the default." *Id.* "Whatever

3

factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (internal quotation marks and citation omitted).

   **B.   Analysis**

Assuming, *arguendo*, that the Clerk's entry of default was proper,[1] Sheriff Valenza has shown good cause to set it aside. First, Sheriff Valenza's default was not willful or culpable. "[A] party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings." *Clark v. Newcity*, 2010 WL 3908596, at *2 (M.D. Ala. Sept. 30, 2010) (quoting *Compania Interamericana Export-Import, S.A.*, 88 F.3d at 951). Here, Sheriff Valenza asserts that the delayed filing was "directly attributable" to his primary counsel's diagnosis "with a serious medical condition in March of 2023," after which she "abruptly became unable to work." Mot. (Doc. 34) p. 5 ¶ 19. Under these circumstances, the undersigned finds that Sheriff Valenza's default was not willful or culpable. Thus, this factor weighs in favor of setting aside the Clerk's default.

Second, setting aside the entry of default will not prejudice Metz. Sheriff Valenza filed his answer on June 1, 2023, one day after the undersigned directed the parties to provide an update on the remaining claims, and before Metz filed a motion for default judgment. For three months prior to his request for default, Metz had taken no action in the

---

[1] The Clerk of Court entered default after Sheriff Valenza belatedly answered Metz's complaint (Doc. 27). Entry of Default (Doc. 33) ("Defendant belatedly filed his answer on June 1, 2023 (Doc. # 27), without seeking leave of court to file the answer out of time and without giving any reason why he was late filing his answer."). In entering default, the Clerk relied on *Stevens v. Wiggins*, 1991 WL 152960, at *1 (E.D. Pa. Aug. 6, 1991), which states that "because the defendant failed to file a timely answer, the clerk could have entered default under Rule 55(a)." Entry of Default (Doc. 33) at 2.

case.[2] Response (Doc. 24); Mot. (Doc. 28). Metz's inaction indicates to the undersigned that setting aside the entry of default will not prejudice him. Thus, this factor weighs in favor of setting aside the Clerk's default.

Third, Sheriff Valenza has a meritorious defense to the claims against him. To show that a defense is meritorious, the defaulting party must show that his defense "*might* have affected the outcome." *Lowery v. Hoffman*, 188 F.R.D. 687, 693 (M.D. Ala. 2007) (emphasis added) (quoting *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990)). In his motion to set aside, Sheriff Valenza asserts that he is entitled to qualified immunity. Mot. (Doc. 34) p. 4 ¶ 15. While the Court determined that Sheriff Valenza was not entitled to qualified immunity at the motion to dismiss stage, this defense can be successfully raised at a later stage in the proceeding—i.e., at summary judgment. Thus, this factor weighs in favor of setting aside the Clerk's default.

Finally, the undersigned notes that Sheriff Valenza acted quickly to correct the entry of default by filing a motion to set aside the default three days after its entry. *See* Mot. (Doc. 34). Thus, Sheriff Valenza's quick action weighs in favor of setting aside the default.

In sum, the undersigned finds that Sheriff Valenza has established good cause to set aside the entry of default. As such, his motion should be granted.

---

[2] Metz took no action between March 20, 2023, *see* Response (Doc. 24), when he responded to Sheriff Valenza's objection to the undersigned's Recommendation, and June 14, 2023, when he moved for default judgment, *see* Mot. (Doc. 28).

### III. ANSWER

Sheriff Valenza further moves for leave to file his answer out of time. Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Here, Sheriff Valenza's failure to timely file his answer was attributable to his primary counsel's diagnosis "with a serious medical condition" and subsequent inability to work. Mot. (Doc. 34) p. 5 ¶ 19. Accordingly, good cause and excusable neglect have been established to permit Sheriff Valenza's late answer.

### IV. MOTION FOR DEFAULT JUDGMENT

Metz moves for the Court to enter default judgment against Sheriff Valenza based on the Clerk's prior entry of default. Mot. (Doc. 35). However, based on the undersigned's finding that the Clerk's default should be set aside, Metz's motion for default judgment should be denied.

### V. CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS that Sheriff Valenza's Motion to Set Aside Entry of Default and File Out of Time Answer (Doc. 34) be GRANTED and Metz's Motion for Entry of Default Final Judgment (Doc. 35) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 21, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous,

conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of December, 2023.

_/s/ Stephen M. Doyle_
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE