IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE D. METZ, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-303-ECM-SMD |
| | ) | |
| DONALD VALENZA, Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER & NOTICE**

Pro se Plaintiff George D. Metz, II, brings this action alleging violations of 42 U.S.C. § 1983. Compl. (Doc. 1). Before the Court is a Motion for Summary Judgment (Doc. 43) filed by Defendant Donald Valenza, Sheriff. Upon consideration of the Motion, it is

ORDERED that, **on or before September 11, 2024**, Plaintiff shall file a written response and show cause, if any there be, why the Motion should not be granted. Defendant may file a reply **on or before September 25, 2024**.[1] Any documents or evidence filed after the applicable deadline will not be considered by the Court absent a motion demonstrating good cause. Any discussion of evidence in a brief must include the specific reference, by name or document number and by page and line, to where the evidence can be found in the supporting evidentiary submission or in any document filed with the Court. The Court is

---

[1] The Motion will be submitted for decision without oral argument. The undersigned will schedule a hearing by separate order should the undersigned determine that oral argument is necessary to reach a recommended disposition of the Motion.

not required to consider documents or parts of documents that have not been specifically cited by page number.

Per *Griffith v. Wainwright*[2] and its progeny, Plaintiff is notified that, in responding to Defendant's Motion for Summary Judgment, he should refer to Federal Rule of Civil Procedure 56, which reads in part:

> (c) A party asserting that a fact . . . is genuinely disputed must support the assertion by:
>
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Plaintiff cannot rely on his unsworn pleadings, but instead must oppose the Motion by filing sworn affidavits, declarations, depositions, or other evidentiary materials to demonstrate that there is a genuine dispute as to a material fact for trial in this case.[3]

---

[2] 772 F.2d 822, 825 (11th Cir. 1985).

[3] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. A declaration under penalty of perjury that meets the requirements of 28 U.S.C. § 1746 is also an acceptable form of evidence. An affidavit or declaration filed in support of or in opposition to a motion for summary judgment must be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify to the matters stated" in the affidavit. FED. R. CIV. P. 56(c)(4).

If Plaintiff fails to provide acceptable evidence under Rule 56, the Court may accept the moving party's evidence as true for purposes of the Motion and/or grant the Motion and enter judgment in favor of the moving party without a trial. FED. R. CIV. P. 56(e).[4] Finally, any party's failure to strictly comply with the entirety of this order may result in an order striking that party's summary judgment submission.

DONE this 21st day of August, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

---

[4] If Plaintiff is unable to present, by affidavit or declaration, facts essential to justify his opposition to the motion, he shall file a sworn statement, by affidavit or declaration, explaining why he is unable to do so. FED. R. CIV. P. 56(d).